```
                    IN THE UNITED STATES DISTRICT COURT

                   FOR THE WESTERN DISTRICT OF MICHIGAN

                              SOUTHERN DIVISION

        CHRISTOPHER JEROME, ET AL.,

             Plaintiffs,                No.  1:16cv1116

         vs.

        JOEL FERGUSON, ET AL.,

             Defendants.


        Before:

                           THE HONORABLE JANET NEFF,
                               U.S. District Judge
                              Grand Rapids, Michigan
                              Friday, May 5, 2017
                         Premotion Conference Proceedings

        APPEARANCES:

                    MR. MICHAEL A. COX
                    The Mike Cox Law Firm, PLLC
                    17430 Laurel Park Dr., N
                    Suite 120E
                    Livonia, MI 48152
                    734-591-4002

                            On behalf of the Plaintiff;

                    MR. JOHN D. PIRICH
                    MS. ANDREA L. HANSEN
                    Honigman Miller Schwartz and Cohn
                    222 N. Washington Square
                    Suite 400
                    Lansing, MI 48933
                    517-377-0712

                            On behalf of the Defendants Ferguson
        Development, Joel Ferguson, Christopher Stralkowski, and Red
        Cedar Investor, LLC;
```

```
 1
                    MR. MICHAEL S. BOGREN
 2                  Plunkett Cooney
                    950 Trade Centre Way
 3                  Suite 310
                    Kalamazoo, MI 49002
 4                  269-226-8822

 5                  MR. JAMES SMIERTKA
                    Office of City Attorney
 6                  City of Lansing
                    124 W. Michigan Avenue, 5th Fl.
 7                  Lansing, MI  48933
                    517-483-4572
 8
                         On behalf of the Defendant Bernero;
 9
                    MR. DEAN F. PACIFIC
10                  Warner Norcross & Judd LLP
                    111 Lyon Street, NW
11                  Suite 900
                    Grand Rapids, MI  49503
12                  616-752-2424

13                  MR. JEFFREY W. BRACKEN
                    Warner Norcross & Judd LLP
14                  120 N. Washington Square
                    Suite 410
15                  Lansing, MI  48933
                    517-679-7400
16
                         On behalf of the Defendants LEAP, Robert
17        Trezise, Jr.;

18                  MR. PATRICK A. FACCA
                    Facca Richter & Pregler P.C.
19                  6050 Livernois
                    Troy, MI  48098
20                  248-398-9900

21                       On behalf of the Defendants Clark
          Construction and Charles Clark.
22

23

24
          REPORTED BY:  Ms. Kathy Anderson, FCRR, RPR
25
```

1                            May 5, 2017

2                       PROCEEDINGS, 10:20 a.m.

3              THE LAW CLERK:  Court is now in session.  Please be

4     seated.

5              THE COURT:  Good morning, everybody.

6              MR. COX:  Good morning, Your Honor.

7              THE COURT:  This is the date and time for a premotion

8     conference in case number 1:16cv1116.  Whose phone is beeping?

9     Thank you.  Jerome, et al. versus Ferguson, et al.  Would you

10    please put your appearances on the record for me, and as we did

11    at our last session, if you speak during the course of the

12    hearing, please repeat your name for the court reporter so she

13    doesn't have to figure out whose talking.

14             MR. COX:  All right.  Good morning, Your Honor.

15    Michael Cox.  That's C-O-X.  I'm here on behalf of all three of

16    the plaintiffs:  Mr. Leo Jerome, Chris Jerome and the Story

17    Companies.

18             THE COURT:  Thank you.

19             MR. BOGREN:  Good morning, Your Honor.  Michael Bogren

20    on behalf of Mayor Bernero.

21             MR. SMIERTKA:  Good morning, Your Honor.  Jim

22    Smiertka, Lansing City Attorney, co-counsel with Mr. Bogren on

23    behalf of Mayor Bernero.

24             MR. FACCA:  Good morning, Your Honor.  Patrick Facca

25    on behalf of Clark Construction Services and Charles Clark.

1    MR. OHLMS:  Good morning, Your Honor, Todd Ohlms,
2    O-H-L-M-S, on behalf of Frank Kass, Continental Development,
3    Hallmark Campus Communities, and Ferguson/Continental Lansing.
4            MS. HANSEN:  Andrea Hansen on behalf of Joel Ferguson,
5    Christopher Stralkowski, Ferguson Development LLC, and Red
6    Cedar Investor.
7            MR. PIRICH:  Good morning, Your Honor.  John Pirich on
8    behalf of Joel Ferguson, Christopher Stralkowski, Ferguson
9    Development, and Red Cedar Investor.
10           MR. PACIFIC:  Your Honor, Dean Pacific on behalf of
11   Lansing Economic Area Partnership and Robert Trezise.
12           THE COURT:  Okay.  One cautionary tale.  I forgot my
13   hearing aids this morning, so I need to have everybody speak a
14   little bit louder, please.
15           We have requests by all defendants to file dispositive
16   motions under Rule 12(b)(6).  And I have a couple of -- I have
17   spent sometime trying to figure out the best way to organize
18   all of this in a way that makes for efficiency and that makes
19   it so that everybody isn't going off in 18 different
20   directions.  And so I have a couple of things I want to say
21   first of all, and then I'm going to ask some questions about
22   how to proceed from there.
23           Based on your requests for, to proceed with a
24   dispositive motion under Rule 12, there are, if I -- and they
25   don't all speak in exactly the same vocabulary, but I

1  identified I think five different proposed issues to be raised
2  by the defendants:  Standing, failure to state a claim, failure
3  to meet the specific pleading requirements for a RICO
4  conspiracy, failure to state a predicate act which I think is
5  part of 3, failure to state or failure to identify protected
6  property interests, which I think is probably the Fourteenth
7  Amendment argument.
8          The complaint itself is in five counts, but Counts 1
9  and 2 relate to the RICO claims, Count 3 is the Fourteenth
10 Amendment claim, and Counts 4 and 5 are the interference with,
11 tortious interference with a business expectancy.
12         So we have sort of the convergence of five counts and
13 five arguments that would dismiss the case.
14         Now, the first question that I have is of the
15 defendants.  I hope that you have talked with one another.  But
16 is there any chance of a unified brief?  And before you answer,
17 let me say that I believe that any brief that's written by a
18 committee is not very good.  So what I would propose, if there
19 is a chance of a unified brief, I would propose that you would
20 select a single drafter with the other, the other lawyers
21 having the opportunity obviously after the draft is submitted
22 to make comments, suggestions, and so forth.
23         And I believe -- I know this is a little bit of a
24 reach, so let me just have your input.  I'm really interested
25 to know what your input is.  Let me just say one other thing.

1  I see the work product of lots and lots of lawyers and firms.
2  And I can tell you honestly that the work product, the written
3  work product I get from Warner, Norcross is always excellent.
4  And I don't mean to say that I favor them in any way, but I do
5  think that they have excellent drafters.  The work product from
6  Plunkett Cooney is almost always good.  The work product from
7  Honigman is almost always good.  I don't know the, is it Facca
8  Richter?
9          MR. FACCA:  Facca Richter.
10          THE COURT:  I don't know that firm.  And I don't know
11  the Chicago firm, Freeborn.  But I can say that of the three
12  firms with which I am very familiar, I think that the drafting
13  is always very good, and I just can't tell you how much I
14  appreciate and my law clerks appreciate good drafting.  So
15  weigh in, tell me what you think.  Am I sort of out there in
16  the la la land somewhere or is there any possibility --
17  Mr. Pirich.
18          MR. PIRICH:  Your Honor, on behalf of Mr. Ferguson,
19  Stralkowski, and Ferguson Development, Red Cedar Investors, we
20  think that's a marvelous idea, especially since much of what we
21  have already written in this particular matter has a very
22  similar tone and similar vein, and we think that would be a
23  wonderful concept to save resources, costs associated with a
24  proceeding that's already been very costly.  And we would be
25  more than glad to either agree amongst ourselves or if the

1  Court wants to appoint one of us to do that to be the lead
2  scribner; either proposal would be satisfactory for us.  Your
3  Honor, I also apologize I'm having a hard time hearing without
4  hearing aids.
5          THE COURT:  Okay.
6          MR. PIRICH:  Thank you.
7          THE COURT:  Fair enough.  Let me hear from a
8  representative of the others, please, of the other law firms
9  involved.
10         MR. BOGREN:  Your Honor, Michael Bogren.  I think
11 that's a good idea for most of the issues.  I do think there
12 are some issues that are asserted against the other defendants,
13 particularly Counts 3 and 4, that are not, I'm sorry, 4 and 5
14 that are not asserted against Mayor Bernero, and then there is
15 also the due process claim asserted against Mayor Bernero that
16 aren't asserted against the others.  So the majority of it I
17 agree one brief would be appropriate, but I do think there is
18 at least a due process issue.  And I'm sure we can have input
19 and include it in the same brief, but that one issue is out
20 there that's not common to the other defendants.
21         THE COURT:  Well, you know, I agree with that.  But I
22 think that my concept of it is that once the benchmark or the
23 template is drafted that that's where the additional commentary
24 and suggestions might come in.  And if I read you lawyers
25 correctly, and as I say I know some of you, I think that you're

1  good enough at what you do that you can collaborate once you
2  have that sort of template in front of you to get your
3  particular issues where they are unique before me.  So I think,
4  I think that could work.
5            MR. BOGREN:  And that's fine, Your Honor.  We have no
6  objection to that concept.
7            THE COURT:  Great.  Thank you.
8            MR. BOGREN:  Thank you.
9            MR. FACCA:  Patrick Facca, Your Honor, on behalf of
10 Clark Construction Services and Charles Clark.
11           We have no objection.  We think it would be a good way
12 because our issues are the same issues everybody else has.  And
13 we have no objection to doing a unified brief.
14           THE COURT:  Okay.
15           MR. PACIFIC:  Dean Pacific, Your Honor.  I just wanted
16 to say that we certainly would be happy to participate in that
17 process.  As a procedural matter I guess I would say as we do
18 that, if we decide to do that, we would probably want a little
19 more time to coordinate among the various parties.  And we
20 would certainly be happy to take the role of sort of the
21 drafter or the consolidator, so to speak, whatever the proper
22 term would be.
23           THE COURT:  Great.
24           MR. OHLMS:  Todd Ohlms on behalf of defendants Frank
25 Kass, Continental Development, Hallmark Campus Communities and

1  Ferguson/Continental Lansing.  We often find ourselves in
2  similar situations and we would be happy to cooperate.  I echo
3  Mr. Pacific's point about the time that would be required to
4  allow the coordination so the eventual work product submitted
5  in court is up to par and represents everyone's collective
6  thoughts.  I think with that we could easily do that.
7           THE COURT:  Here's what I would recommend then.  What
8  I would do is extend the page numbers to 50 and give you, I
9  don't know, Mr. Pacific, do you think 60 days is enough or 90?
10          MR. PACIFIC:  Seems to be consensus that 60 would be
11 appropriate.
12          THE COURT:  60 days, okay.  And then the plaintiff
13 will have 60 days, I'm sorry, will have 50 pages also, and I
14 think you're going to probably need a little bit of extra time
15 too, Mr. Cox, so I'll give you 60 days to respond.  And then
16 30 days for the defendants to reply.
17          Now, I do want to make a comment to Mr. Cox on behalf
18 of the plaintiff.
19          The plaintiff's brief must correspond to the
20 defendant's brief.  Do not go off on some separate tangent.
21 Follow the arguments as they are laid out and respond to them
22 as they are made in the plaintiff's brief.  If your brief does
23 not carefully and closely follow the defendant's brief, I'm
24 going to send it back.  I won't accept it.
25          What else, Kathie?

1            THE LAW CLERK:  The 50 pages includes the supplemental
2    briefs or the supplemental briefing of individual --
3            THE COURT:  There's not going to be any supplemental
4    briefing.  They are going to put it all in one.
5            THE LAW CLERK:  Okay.  That's inclusive of everything.
6            THE COURT:  Everything, that's everything, yes.
7            MR. BOGREN:  Your Honor, how long and length for the
8    reply brief?
9            THE COURT:  Oh, good question.  35 pages.  Are there
10   any other questions or comments or concerns among counsel?
11   Mr. Cox?
12           MR. COX:  No, Judge, I understand it completely.
13           THE COURT:  Thank you.  Anybody?  Anything else,
14   Kathie, that we need to cover?
15           THE LAW CLERK:  No.  To the extent that you can
16   coordinate on a joint statement of facts, plaintiff and
17   defendants, that's helpful.  Keep it short, in numbered
18   paragraphs.  There are some basic facts I know that upon which
19   you all agree.  And secondly, if there are any exhibits, make
20   them joint exhibits so that you all cite to the same exhibit
21   number.
22           THE COURT:  Yes.  It is important so that we're all
23   talking about the same thing at the same time.  And I will ask
24   Warner, Norcross to be the lead author.  And don't let me down.
25   And if there's nothing further, Mr. Cox.

1     MR. COX: Judge, I have nothing. Thank you.

2     THE COURT: Anything further?

3     MR. BOGREN: No, Your Honor.

4     MR. PIRICH: No, Your Honor.

5     MR. FACCA: No, Your Honor.

6     THE COURT: Thank you. We are adjourned.

7     THE LAW CLERK: All rise, please. Court is adjourned.

8     (Proceedings concluded, 10:35 a.m.)

REPORTER'S CERTIFICATE

I, Kathy J. Anderson, Official Court Reporter for the United States District Court for the Western District of Michigan, appointed pursuant to the provisions of Title 28, United States Code, Section 753, do hereby certify that the foregoing is a full, true and correct transcript of the proceedings had in the within entitled and numbered cause on the date hereinbefore set forth; and I do further certify that the foregoing transcript has been prepared by me or under my direction.

/s/ Kathy J. Anderson

Kathy J. Anderson, RPR, FCRR

U.S. District Court Reporter

412 Federal Building

Grand Rapids, Michigan 49503